UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-404-KSF

ALYSON APRILE BOWER                                                                               PLAINTIFF

v.                                               **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                                  DEFENDANT

\* \* \* \* \* \* \* \* \* \*

The claimant, Alyson Aprile Bower, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI") based on disability. The court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.     OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)     If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2)     If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3)     If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the

claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5) Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F. 3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must

affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II. THE ADMINISTRATIVE DECISION

In this case, the ALJ conducted a hearing on May 29, 2007, and issued his opinion denying Bower's application for SSI benefits on September 18, 2007. [TR 16]. At the time of the ALJ's decision, Bower was 39-years-old. Bower claims disability due to fatigue, dizziness, passing out spells and panic attacks.

The ALJ began his analysis at step one by determining that Bower has not engaged in any substantial gainful activity since her alleged onset date of March 22, 2004. [TR 21]. At step two, the ALJ found that Bower suffers from the following impairments determined to be severe as combined: chronic fatigue syndrome, postural orthostatic tachycardia syndrome (POTS)/orthostatic hypotension, near syncopal episodes, depressive disorder, not otherwise specified, rule out somatoform disorder and personality disorder, not otherwise specified; however, the ALJ determined that these impairments or combination of impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [TR 21-23]. The ALJ found that although Bower's medically determinable impairments could reasonably be expected to produce the alleged symptoms, Bower's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible based on the objective medical evidence and other evidence. The ALJ found that Bower maintained the residual functional capacity ("RFC") to perform light exertional work with certain limitations. [TR 23]. The ALJ found that Bower can lift and carry 20 pounds occasionally and 10 pounds frequently, stand/walk 6 hours in an 8-hour workday and sit

for 6 hours in an 8-hour workday. Due to her POTS and orthostatic hypotension, the ALJ found that Bower requires a sit/stand option with no prolonged standing or sitting in excess of 45 minutes without interruption, never climbing ladder/rope/scaffolds, occasionally balancing and she should avoid exposure to hazards such as unprotected heights and dangerous machinery. The ALJ found that she is mildly limited in her ability to understand, remember and carry out complex instructions and to make judgments on complex work related decisions and is moderately limited in her ability to respond appropriately to usual work situation and to changes in routine work setting. At step four, the ALJ determined that Bower is capable of performing her past relevant work as a customer relationship clerk/complaint clerk, administrative assistant and receptionist so the ALJ determined that Bower is not disabled. [TR 26]. Assuming arguendo that Bower could not perform her past relevant work, the ALJ proceeded to the fifth and final step, taking into consideration Bower's age, education, work experience and RFC and relying on the testimony of the Vocational Expert ("VE"), the ALJ determined that there are jobs that exist in significant numbers in the national economy that the claimant could perform. [TR 26]. As a result, the ALJ determined that Bower is not disabled even if she cannot perform her past relevant work.

The record contains medical records of treating physician, Dr. Douglas J. Nesbitt, from July 28, 2005, through October 11, 2006. Dr. Nesbitt diagnosed Bower with anxiety state, unspecified, insomnia, dizziness, giddiness, depressive disorder, not elsewhere classified and chronic fatigue syndrome. [TR 312, 316, 321, 333]. Dr. Nesbitt's records noted that Bower complained of fatigue, dizziness and fragmented sleep and that lab work suggested past Epstein-Barr virus infection that was resolved. Dr. Nesbitt ordered a tilt table test and the conclusions/diagnoses from that test show positive nitroglycerin for cardio neurogenic syncope. [TR 338]. Dr. Nesbitt referred Bower to Dr. James M. Winkley who diagnosed POTT Syndrome and completed a medical source statement.

[TR 409].

Christopher Allen, Ph.D. also examined Bower and concluded that she had reduced motor dexterity and symptoms of depression withing the context of multiple physical problems secondary to POTS and that her social functioning and daily activities are greatly reduced by these symptoms. Dr. Allen concluded that her ability to concentrate and adjust to change to her environment is also reduced but she is able to make financial decisions. [TR 403]. Dr. Allen completed a medical source statement and found only mild limitations on her ability to understand and remember complex instructions and a moderation limitation on her ability to carry out complex instructions. Otherwise, Dr. Allen noted no work-related limitations. [TR 406].

Dr. Joseph Garfinkel also examined Bower. His impression was chronic fatique syndrome, depression, panic attacks, anxiety and possible post-traumatic stress disorder. He opined that Bower can stand for two hours per day and sit for six hours per day and can lift 50 pounds occasionally and 25 pounds frequently. Otherswise, Dr. Garfinkel noted no work-related restrictions. [TR 189].

The record also contains a consultative psychological evaluation dated March 20, 2007, by Harwell F. Smith, Ph.D., diagnosing Bower with a depressive disorder, not otherwise specified and a consultative psychological evaluation dated April 27, 2005, by Vicky Campagna, Ph.D., finding that from a psychological standpoint, Bower's ability to function in work-related setting was unimpaired.

The ALJ's decision that Bower is not disabled became the final decision of the Commissioner when the Appeals Counsel subsequently denied his request for review on August 7, 2008. [TR 7]  This case is now ripe for review under 42 U.S.C. § 405(g), 1383(c)(3).

### III.   ANALYSIS

On appeal, Bower argues that the ALJ's determination was not based on substantial evidence

or decided by the proper legal standards. Specifically, Bower argues that the ALJ acted as his own medical expert in formulating the RFC, disregarding Bower's testimony and the treating medical source RFC assessment by Dr. Winkley. Bower also argues that the ALJ failed to give sufficient reasons for his decision. The ALJ properly weighed Bower's allegations of pain Dr. Winkley's opinions and gave sufficient reasons for his decision that she was not disabled.

First, the ALJ properly weighed Bower's allegations of pain and gave sufficient reasons for finding that she was not entirely credible. When evaluating a claimant's allegations of pain, the pertinent Social Security regulation is 20 C.F.R. § 404.1529, which provides as follows:

> (a)  *General*.  In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. By objective medical evidence, we mean medical signs and laboratory findings as defined in § 404.1528(b) and (c). By other evidence, we mean the kinds of evidence described in §§ 404.1512(b)(2) through (6) and 404.1513(b)(1), (4), and (5), and (d). These include statements or reports from you, your treating or nontreating source, and others about your medical history, diagnosis, prescribed treatment, daily activities, efforts to work, and any other evidence showing how your impairment(s) and any related symptoms affect your ability to work. We will consider all your statements about your symptoms, such as pain, and any description you, your treating source or nontreating source, or other persons may provide about how the symptoms affect your activities of daily living and your ability to work. However, statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that your are disabled. . . .

20 C.F.R. § 404.1529(a). Based on this regulation, when a claimant attempts to establish a disability through subjective complaints of pain, she must produce "evidence of an underlying medical condition," and either (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of such

severity that it can be reasonably expected to give rise to the alleged pain. *Id.*, *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). The ALJ's credibility determinations related to a claimant's subjective complaints are entitled to great deference. *Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 230 (1990).

In this case, the ALJ considered all of Bower's subjective complaints related to her pain and symptoms of becoming dizzy, passing out, seeing spots and getting sweaty. [TR 25]. The ALJ's decision notes that Bower complains that she is disabled due to POTS. The ALJ considered and acknowledged her POTS and the related symptoms of dizziness, passing out, low blood pressure, hypotension, and anxiety. [TR 21-22]. The ALJ also considered Bower's chronic fatigue syndrome, near syncopal episodes, depressive disorder and personality disorder.

Reviewing Bower's medical records, the ALJ noted that although her medically determinable impairments could reasonably be expect to produce some symptoms, Bower's statements about the intensity, duration and limiting effects of these symptoms was not entirely credible. The ALJ's credibility determination was based in part on the fact that Bower notes no difficulty in taking care of her personal needs. She has a drivers license and reports that she drives. She can read and write. She watches television and reads magazines. When she had custody of her son, she contacted the school and kept up with his progress at school. [TR 25]. In a 2005 report, Bower indicated that she took her son to school in the morning, goes to the store, does laundry and takes care of and is the primary careperson for her son. She indicated that she drives, shops, handles money and goes to doctors' appointments. [TR 26].

While there is certainly evidence in the record contradicting the ALJ's findings that could support a finding that Bower's allegations of pain and symptoms are credible, the Court must give this finding great deference because the ALJ thoroughly stated his reasons for finding Bower's

allegations not entirely credible. *See Blacha*, 927 F.3d at 230. Moreover, the objective medical record, including the opinions of Dr. Nesbitt, and Bower's own activities of daily living, are inconsistent with her subjective complaints. Accordingly, the ALJ did not err in rejecting Bower's complaints of disabling pain and symptoms.

Second, the ALJ gave proper consideration to Dr. Winkley's opinion that Bower's condition was disabling and provided sufficient justification to support his decision to reject that opinion. Specifically, the ALJ rejected the limitations assessed by Dr. Winkley, treating physician, because they were not supported by objective, acceptable medical evidence and were found to be contradicted by other evidence and inconsistent with the evidence as a whole. The ALJ noted that the treatment records from Dr. Nesbitt, treating physician, reveal that Bower's physical exam was unremarkable overall and contradict Dr. Winkley's restrictions. Moreover, the opinions of consultative examiner, Dr. Garfinkel support the ALJ's rejection of Dr. Winkley's opinions. [TR 184-89]. A statement from the Bay Valley Medical Group where Bower underwent psychiatric treatment revealed that her mental condition did not interfere with her functioning and she is not currently undergoing treatment. [TR 220]. The opinions of Dr. Allen, consultative examiner, supports a finding that there are no significant mental restrictions.

Finally, the ALJ did not act as a "medical doctor" or "expert" as Bower alleges. The Commissioner has the responsibility for determining whether a claimant is disabled. 42 U.S.C. § 405(b)(1). Opinions on whether a claimant is disabled are not medical opinions because they are administrative findings that are dispositive of a case. The same is true for opinions regarding a claimant's RFC. 20 C.F.R. § 1545(a)(1).

## IV.    CONCLUSION

Accordingly, **IT IS ORDERED** that the decision of the Commissioner is **AFFIRMED** as

it was supported by substantial evidence.

This September 14, 2009.



Signed By:
Karl S. Forester  KSF
United States Senior Judge